AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>TREVOR TAUFUU VEE<br><br>*Defendant(s)* | Case No.  4:20-mj-70569-MAG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   January 8, 2020   in the county of   Alameda   in the
Northern   District of   California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm and Ammunition<br><br>Maximum term of imprisonment: 10 years<br>Maximum fine: $250,000 fine<br>Maximum term of supervised release: 3 years<br>Mandatory $100 special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

Please see the attached affidavit of ATF Special Agent Andrew Balady

☑ Continued on the attached sheet.

FILED

May 13 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*/s/ Andrew Balady*
*Complainant's signature*

Andrew Balady, ATF Special Agent
*Printed name and title*

Approved as to form  _/s/ Michael A. Rodriguez_
AUSA Michael A. Rodriguez

Sworn to before me and signed in my presence.

Date:   05/13/2020

*Judge's signature*

City and state:   Oakland, California     Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF ATF SPECIAL AGENT ANDREW BALADY IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrew Balady, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, hereby state as follows:

## I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of a criminal complaint charging Trevor Taufuu Vee (VEE) for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about January 8, 2020, VEE possessed a firearm in Oakland, California, which is in the Northern District of California.

2. The facts contained in this affidavit are based upon information I have gathered in my investigation, my personal observations, my training and experience, and from information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that there has been a violation of 18 U.S.C. § 922(g)(1).

## II. AFFIANT BACKGROUND AND EXPERIENCE

3. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training as to the identity and origin of firearms and ammunition. Prior to becoming an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and I had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

4. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the possession by convicted felons of firearms and ammunition. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal firearms and narcotics trafficking, as well as the criminal possession and use of firearms. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I also have participated in physical surveillance operations and in the execution of state and federal arrest warrants and search warrants, and I have reviewed numerous law enforcement reports. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records,

utility records, and telephone toll and subscriber records.

5. The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relative to this investigation, consultation with other experienced local and federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

### III. APPLICABLE LAW

6. Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who knows that he or she has been previously convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition that has traveled in or affected interstate commerce.

### IV. STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

7. Since January 2018, VEE had been on active state parole for a felony attempted robbery conviction. As a condition of his parole, VEE was required to wear a GPS monitoring device.

8. On January 4, 2020, VEE's GPS device registered a dead battery alert. Four days later, on January 8, 2020 at approximately 11:25 a.m., officers from the California Department of Corrections and Rehabilitation (CDCR) Division of Adult Parole Operations (DAPO) conducted a field visit at VEE's trailer, which was parked near the intersection of East 12th Street and 20th Avenue in East Oakland. VEE had recently relocated the trailer to that location without informing his parole agent, but the GPS monitor had captured this movement before the battery died.

9. When DAPO agents arrived at VEE's trailer, they found VEE inside the trailer sorting his belongings. No one else was inside the trailer or in the immediate vicinity of the trailer. DAPO agents entered the trailer and advised VEE that they were doing a compliance check pursuant to the terms of his parole. Inside the trailer, a DAPO agent observed a firearm, which was later determined to be a pellet gun. The possession of this item was a violation of VEE's parole conditions. VEE was detained at this point and DAPO agents requested additional law enforcement assistance.

10. DAPO agents then performed a search of the trailer. They located a few items of indicia in the trailer in the name of Erica Porter, an individual who was not present, but agents noted that the majority of belongings in the trailer were VEE's. Underneath a blanket on the bed, agents found a pistol-grip Mossberg Model 500A 12-gauge shotgun bearing serial number

P624234.  The shotgun was loaded with six rounds of 12-gauge shotgun ammunition.  A further search of the trailer uncovered 14 additional rounds of 12-gauge shotgun ammunition and five rounds of 9mm ammunition.  Agents also found six swords in the trailer, the possession of which was a violation of VEE's parole conditions.  Photos of the seized items are provided below.





11. DAPO agents conducted an interview with VEE, who waived his Miranda rights and agreed to proceed with the interview.  VEE stated that he had recently left the previous location where he had parked his trailer, which was along the Embarcadero in the area between 8th and 9th Avenues in Oakland.  VEE said he had been sharing the trailer with his girlfriend, Erica Porter, but that they had been in an argument a few days prior and he had broken up with

3

her and then kicked her out of his trailer.  After the argument he had relocated the trailer to its current location near the intersection of East 12th Street and 20th Avenue in East Oakland.

12. Agents asked VEE where he acquired the shotgun, and VEE stated that he found the shotgun and ammunition in his trailer that morning.  Agents asked why VEE maintained possession of the shotgun since he knew that, under the terms of his parole, he was prohibited from keeping it.  In response, VEE said, "I don't know."  Following this interview, DAPO agents, assisted by Oakland Police Department officers and Alameda County Sheriff's Office deputies, placed VEE under arrest for violating the conditions of his parole.

13. VEE's most recent felony conviction is from 2017 and relates to a robbery he committed in October 2016.  In that case, VEE allegedly walked into a 7-Eleven in Oakland and stole some chocolate milk.  When the clerk confronted VEE about it, VEE twice punched him in the head, which left a bleeding laceration on the clerk's ear.  VEE then took out a pocket knife and threatened the clerk before running away from the store.  The clerk was transported to the hospital for treatment and required stitches.

14. When officers confronted VEE about this incident, he admitted to stealing the chocolate milk and said he did so because he was thirsty and had no money.  He claimed it was the clerk who punched him.  After he was shown still photos of the incident, VEE finally admitted that he did punch the victim but he denied ever having a knife.  He also said that he was worried about being sent to prison just for stealing chocolate milk.  VEE was convicted of second degree attempted robbery and sentenced to two years for this conduct.

15. On or about February 5, 2020, I reviewed VEE's entire criminal history and found that he has multiple prior felony convictions, which are summarized below.

   i. In 2007, VEE sustained a felony conviction for auto theft and was sentenced to one day in jail and five years of probation.
   ii. In 2008, VEE sustained a felony conviction for auto theft and was sentenced to 192 days in jail and five years of probation.
   iii. In 2009, VEE sustained a felony conviction for robbery with a firearm and was sentenced to four years in prison.
   iv. In 2013, VEE sustained a felony conviction for felony evading law enforcement and was sentenced to two years in prison.
   v. In 2017, VEE sustained a felony conviction for attempted robbery and was sentenced to two years in prison.

16. On or about February 7, 2020, I inspected the firearm and ammunition found in VEE's possession.  I determined the firearm to be a Mossberg, Model 500A 12-gauge firearm.  I determined the ammunition to be 12 Winchester 12-gauge shotshells, four Remington 12-gauge shotshells, two Federal 12-gauge shotshells, two Kent 12-gauge shotshells, one Winchester 9mm Luger caliber cartridge, one X-TREME Bullets 9mm Luger caliber cartridge, one CBC 9mm Luger caliber cartridge, one Federal 9mm Luger caliber cartridge, and one CCI 9mm Luger caliber cartridge.

17. Based on my training and experience, I know that the Mossberg firearm and the assorted ammunition described above are all manufactured outside California. Therefore, I believe that the firearm and ammunition traveled in interstate commerce in order to be recovered in California.

## V.     CONCLUSION

18. Based upon the foregoing, I submit that there is probable cause to believe that Trevor VEE has violated 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and ammunition.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

_/s/ Andrew M. Balady_____
Andrew M. Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this _13_ day of May 2020

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE